**Ruza v. Ruza**

*Ronald D. Ashby,* for plaintiff.
*James A. Gillin,* for defendant.

FITZPATRICK, *J.,* August 9, 2007—On November 1, 2006 this court entered findings of fact, conclusions of law and an equitable distribution order dividing the marital assets and liabilities of Christine A. Haschak Ruza (Wife) and John A. Ruza (Husband). Wife has timely appealed.

The parties were married on June 6, 1987 and are the parents of two children born in November 1991, and December 1995. The parties share physical and legal custody of their children. The complaint in divorce was filed in 1994. The parties reconciled thereafter and the docket remained dormant until a protection from abuse order was entered by Wife against Husband in June 2000. The parties have lived separate and apart since that date.

This court's findings of fact, conclusions of law and equitable distribution order of November 1, 2006 is attached hereto and incorporated herein. Part of the record in this proceeding was not available at the time of this court's trial and still has not been found at the time this opinion is issued. On September 29, 2005 this court ordered that the proceeding shall be bifurcated. As of the date of this opinion, a decree in divorce has not been

entered but the parties are cooperating and attempting to recreate the missing parts of the record for entry of the decree.

On April 12, 2004, a divorce hearing officer for the Delaware County Common Pleas Court entered a report and recommendation dividing the parties' assets and liabilities. Wife timely filed a demand for hearing de novo and the matter was assigned to this court. Trial was scheduled for September 29, 2004 but continued on various occasions until February 3, 2006 due to a bankruptcy proceeding for Husband and other attachments for counsel.

On February 3, 2006 and May 31, 2006, this court conducted hearing. Both Husband and Wife testified and each entered into the record voluminous documents consisting of tax returns, real estate settlement sheets, appraisals, personal property lists, mortgage documents and other financial forms. Both parties were represented by able counsel.

This court's findings of fact and conclusions of law detail the economic relationship of the parties. This court, pursuant to section 3502 of the Divorce Code (23 Pa.C.S. §3502), equally divided the marital assets and liabilities but did award to Wife 60 percent of the marital interest in her voluntary investment plan at Boeing, which was the largest valued marital asset.

Wife cites seven complaints on appeal, which will be addressed seriatim.

Initially, Wife complains that this court erred in concluding that the Aldan property has a market value of

only $105,000 and that it had a mortgage balance of $60,000. The testimony established that this property was the parties' first marital residence. After separation, Husband collected a few monthly rental payments from tenants which equaled the mortgage balance. After Husband moved back into the property in the fall of 2000, he exercised exclusive possession of the residence until this court's hearings. The property was purchased in January 1988 for $70,000. Husband presented bankruptcy appraisals for between $70,000 to $83,000 and testified that due to its condition, a fair market value at hearing was approximately $90,000 to $95,000. Husband noted that an attached twin was in better condition and had sold for $115,000 prior to this court's hearing.

This court found the value of the residence at $105,000 and the mortgage balance to be $60,000. This established an equity of $45,000. Wife in post-trial memorandum suggested an equity value of $50,000 based on a market value of $115,000 minus $65,000 mortgage balance. This court found that mortgage balance at $60,000 pursuant to Husband's 2005 bankruptcy filings. This court found the value of the home at $105,000 based on Husband's testimony as to the condition of the property and the condition of the adjacent twin which had sold. This court did not credit Husband for his failure to make mortgage payments during periods of occupancy in the house. Those sums will be paid by Husband through his bankruptcy proceeding.

Wife complains that this court erred in finding that her dissipation of mortgage and taxes on the Wallingford property were equal to Husband's dissipation at the Aldan

property. Wife claims that she missed payments for only one year while Husband missed payments for over six years.

The settlement sheet and the mortgage payoff statement from Bryn Mawr Trust Company for the Wallingford property establishes the mortgage delinquency at $14,067.91, plus a water bill and certain real estate taxes. The mortgage for the Aldan property was $856 per month and Husband testified to being two years in delinquency for a debt of approximately $20,544. Husband was not delinquent during the entire six-year period as complained by Wife. The 2004/2005 bankruptcy filings indicate a delinquency of approximately $18,000 (2004) and $25,000 (2005). Husband and Wife both were responsible and both, in fact, paid the delinquency on the Wallingford home at settlement. Husband here will pay for the delinquency on the Aldan property through his bankruptcy. The 2005 bankruptcy represents that the mortgage balance in principal is $60,000 and does not include the $25,000 delinquency.

Wife complains that the court failed to award her rental value for the Aldan property because Husband failed to pay the mortgage. This court awarded the Aldan real estate to Husband and charged him $45,000 for its equity. Husband will be required to pay the mortgage delinquency created during his occupancy and no testimony was presented to the court that a difference existed between the rental value and the mortgage payment.

Wife complains that this court erred in setting off her $6,000 marital debt for a swimming pool against Hus-

band's $9,000 post-separation medical bill. On February 9, 2004, the Honorable Barry C. Dozor, judge of the Court of Common Pleas of Delaware County, ordered that Wife and her employer, the Boeing Company, reinstate medical, vision and dental coverage to Husband. Wife was ordered to specifically perform any and all necessary acts to reinstate Husband on her policy. Husband was ordered to pay Wife monthly any additional costs she incurred for coverage. Husband documented medical bills in the amount of $9,000 due to his lack of insurance coverage. Husband testified that Wife did not secure insurance for him although he admitted that he did not pay Wife for the same. Wife did not testify as to whether she had placed Husband on the policy and/or demanded payment from him. This court attempted to uphold the order of Judge Dozor and instructed Wife to be responsible for the $6,000 pool debt while Husband was to be responsible for his $9,000 medical debt. It should be noted that Wife received the benefit of this offset.

Wife next complains that this court erred in finding that she has $10,217 in her bank accounts at separation and in finding that she received a cash value from a life insurance policy for $5,746.49. Wife suggests in her statement of matters that the life insurance proceeds were deposited into the existing bank accounts and that a double accounting occurred. Wife did not establish this evidence at trial and this court cannot consider this argument. Wife in her post-trial submission acknowledged that the setoff for the insurance funds was equal to the setoff for the child support monies deducted from Husband at the Wallingford real estate settlement.

Wife next complains strongly that this court erred in failing to find that Husband had unreported business income in excess of $300,000 and that these sums were marital assets misappropriated before separation or shortly thereafter. Counsel for Wife introduced documentary evidence for Husband's financial accounts and his 2000 thru 2003 tax returns. Counsel overwhelmed Husband in cross-examination on his economic activity. Although this court agreed with Wife's counsel that Husband was not portraying a clear accounting picture for his business efforts, this court did not conclude that Husband had misappropriated and/ or dissipated substantial marital assets from his business financial accounts. Husband, as a general contractor, testified that his business efforts were failing at separation and that he had met with little success since June of 2000. Wife attempted to establish that the schedule "C" amounts on his federal tax returns were inconsistent with his bank record deposits and that the difference would be marital assets which should be divided between the parties. This court's observation of Husband's demeanor and testimony led it to the conclusion that Husband did not dissipate or misappropriate any substantial marital assets. Husband's failed business efforts appeared to meet his failed record-keeping efforts. Husband did purchase a 2000 Ford truck at separation but his 2005 bankruptcy Chapter 13 plan discloses $12,000 still owed as of October 18, 2005. This court, nor Wife, could not discover, ascertain or identify any transfer of assets or purchases by Husband which would establish his ability to have hidden this income.

This court did find that Husband did have some unreported income, but it was not in the amount suggested by Wife. This court concluded that it would be equitable to offset that income against the $10,217 in Wife's bank accounts at separation.

Finally, Wife complains that this court's equal division of property failed to consider the statutory instructions in section 3502 of the Divorce Code. Initially, this court notes that it equally divided the parties' remaining marital assets, but that it awarded Husband only 40 percent of Wife's voluntary investment plan at Boeing. The marital portion of this asset valued at $125,187.13 was the principal asset and was almost double the value of the parties' other assets. In awarding Husband only 40 percent of that asset, this court recognized his incarceration for three years during the marriage. This court also reflected on Wife's employment and contributions during the marriage and the shared custodial obligations of the parents. This court could not award that asset in its entirety to Wife as requested.

This court's final order has Husband owing to Wife approximately $12,397.18 due to his interest in the house being greater than the financial assets Wife has received to date. Husband is due 40 percent of Wife's voluntary investment plan, which portion was estimated by this court to be approximately $50,296.28. Wife may deduct from the 401k rollover that sum owed to her by Husband. Wife will enjoy substantial pension and other retirement benefits from her employer in the future. Husband still has over two years remaining on his bankruptcy plan.

This court, herein, attempted to provide the parties with an economic resolution that was consistent with the mandate of section 3502(a) of the Divorce Code. The parties' financial operation between June 2000 to the date of this court's hearing was, at times, ambiguous and confusing. This court attempted to identify the parties' assets and arguments and divide the assets as it found appropriate.

---

FITZPATRICK, *J.*, November 1, 2006—

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND EQUITABLE DISTRIBUTION ORDER

*Findings of Fact*

(1) Christine A. Haschak Ruza (Wife) and John A. Ruza Jr. (Husband) were married on June 6, 1987.

(2) The parties are the parents of two children, Julianna Ruza, born on November 26, 1991 and John A. Ruza, born on December 20, 1995. The parties share physical and legal custody of their children.

(3) The complaint in divorce in this proceeding was filed in 1994. The parties reconciled thereafter and the docket remained dormant.

(4) In June 2000, Wife was granted a protection from abuse order against Husband and the parties separated. The parties have lived separate and apart since that period.

(5) During a portion of the marriage, Husband was incarcerated and a prior PFA had been filed in February 1988.

(6) Wife is age 44 at this time and began working at Boeing-Vertol in Delaware County in June 1984. She began contributing to her retirement plan at her employer before the marriage. Wife is employed as a buyer for Boeing.

(7) Husband is a carpenter by trade and had been self-employed during the marriage in a corporation owned by him.

(8) Husband and Wife each testified before this court. Husband and Wife each presented voluminous documents establishing marital value, liability and claims for offset and credit.

(9) The parties in January 1988 purchased 103 Shisler Avenue, in Aldan, Delaware County, Pennsylvania for $70,000.

(10) The parties purchased a new home at 104 Copples Lane, Wallingford, Delaware County, Pennsylvania in September 1998.

(11) The Aldan property was rented from September 1998 until the parties' separation in June 2000.

(12) The Wallingford property has been sold and the proceeds have been equally divided. Each party shall keep all monies received from the sale and each is awarded the same.

(13) Husband moved into the Aldan property shortly after separation and continues to remain in the property. The house is owned by both parties.

(14) Husband has had a series of bankruptcies since separation and is currently participating in a reorganiza-

tion plan, which plan includes delinquent mortgage payments.

(15) This court finds the value of the Aldan property to be $105,000 based on the parties' testimony and the mortgage balance to be $60,000.

(16) The dissipations by Wife of the mortgage and real estate taxes for the Wallingford property after separation and prior to the sale equals the dissipation by Husband of the Aldan property between the date of separation until the date of this court's hearing. Neither party shall receive a credit and/or offset for the other's delinquency.

(17) The rental value for the Aldan property between June of 2000 to current is equal to the taxes and mortgage payment due for the property. No rental credit is awarded to Wife.

(18) Husband, during the marriage, acquired tools, mowers, plow blade, computers and related business assets. Husband took possession of those items at separation.

(19) The parties also acquired furniture and other marital personalty but the great majority of those items were claimed by Wife at separation.

(20) Each party herein is awarded those content assets in their possession and no credit is given to either party for any claims for unequal value.

(21) At the settlement for the Wallingford property, the sum of $5,988.96 was intercepted for child support purposes against the proceeds. Wife cashed out a marital life insurance policy for the sum of $5,746.49. Husband

and Wife each shall maintain possession of the cash/credit received herein and no offset is ordered.

(22) Wife had claimed to be responsible for $6,000 in credit card debt from the marriage for a pool at the Wallingford property and other debt. Husband has incurred $9,000 in medical bills because of Wife's discontinuance of his health insurance prior to entry of a divorce decree. Each party herein shall pay the debt in their name and neither party is awarded credit to these claims.

(23) Wife may have had money in checking and savings accounts at separation in the amount of $10,217. Husband at separation had certain business accounts and income which Wife claims through exhibits constituted unreported income. Each party shall maintain any and all financial assets in each names not otherwise awarded herein.

(24) Wife has three retirement accounts with her employer. They are as follows:

(1) A defined benefit plan valued at the sum of $19,467.25

(2) A voluntary investment program, which had a value of $125,187.13 at separation

(3) Wife also participated in the financial security plan which had a value of $938.15 at separation.

### Conclusions of Law

Sections 3502 of the Divorce Code (23 Pa.C.S. §3502(a)) details the 11 criteria that a court shall consider when dividing marital assets and debts. The court herein has considered the findings of fact entered above,

the argument of able counsel for each party, the testimony presented at trial, the documents submitted into evidence, and a review of the record herein and herein enters an equitable distribution order as follows:

(1) The equity for the Aldan property is established at $45,000. Husband is awarded this property, subject to the following conditions. Husband is currently in a reorganization petition in bankruptcy court. Husband herein shall make all payments promptly to the trustee and the mortgage company. Any delinquency in payment shall require the house to be marketed by a realtor selected by Husband at a fair market value. The property should be sold to protect Wife's credit. Husband is awarded any and all proceeds from the sale. For equitable distribution purposes, Husband is charged $45,000 for the marital interest in this property. Wife's name shall be removed from the deed as soon as husband can refinance the property.

(2) This court finds that Wife's defined benefit pension plan at her employment is valued for marital purposes at $19,467.25. Wife is awarded this asset in its entirety.

(3) Wife is also awarded her financial security plan, which has a total value of $938.18.

(4) The final asset is Wife's voluntary investment plan at Boeing Vertol. This asset is valued at $125,187.13 as of June 1, 2000, but may include some pre-marital contributions. This asset was not given a current value for this court.

(5) This court herein finds Husband and Wife based on their equal earning ability, wages, health, contribu-

tions and dissipation conduct are each awarded 50 percent of the marital estate. Husband is charged with receipt of $45,000. Wife is charged with the receipt of $20,405.43.

(6) It appears that Wife's voluntary investment plan at separation was valued at the sum of $125,187.13. Husband is awarded the sum of 40 percent ($50,296.28) of the marital portion of Wife's voluntary investment plan as valued on the date of separation. However, Husband and Wife shall each be credited/deducted the appreciation/depreciation on the account from separation up to its date of distribution by Boeing-Vertol based on their respective interest in the account, *i.e.,* (.401/.599). Husband's and Wife's counsel shall submit a QDRO within 30 days of the date of this order.

(7) Each party's claim for the excessive counsel fees accrued in this proceeding are denied.